IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAM FIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-4037-DDC |
| | ) |
| RONNIE D.M. FAIRCLOTH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Plaintiff Sam Fields, proceeding *pro se* and *in forma pauperis*, has filed the above-captioned case against Defendants Ronnie D.M. Faircloth, the Federal Housing Finance Agency, the U.S. Department of Justice, and Capitol Federal Savings Bank. When a plaintiff proceeds *in forma pauperis*, the court may review the complaint under 28 U.S.C. 1915(e)(2). That section authorizes the court to dismiss the case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[1] In this case, the magistrate judge recommends the district judge dismiss this action without prejudice for failure to state a claim upon which relief may be granted.

The court uses the Fed. R. Civ. P. 12(b)(6) motion-to-dismiss standard to determine whether dismissal under Section 1915(e)(2)(B)(ii) is appropriate.[2] Fed. R. Civ. P. 8(a) sets forth the pleading requirements to state a claim for relief. It requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] The court liberally construes *pro se* parties'

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

[2] *Washington v. Washington*, No. 14-1215-EFM-KGG, 2014 WL 4059788, at *3 (D. Kan. Aug. 15, 2015).

[3] Fed. R. Civ. P. 8(a)(2).

pleadings and will accept as true all well-pleaded facts, drawing all reasonable inferences in plaintiff's favor.[4] However, plaintiff still bears the burden of alleging sufficient facts upon which a recognized legal claim could be based. The court cannot assume the responsibility of serving as plaintiff's attorney in constructing arguments or scouring the record for a possible cause of action.[5] The plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[6]

Plaintiff has used a form complaint for *pro se* litigants. In the section of the amended compliant asking plaintiff to list the basis for federal-question jurisdiction, he lists:

> FIRREA U.S.C. 1833a(c)(2) wire fraud and mail fraud.
> FIRREA U.S.C. 1833a(c)(1) (1996) wire fraud and mail fraud.
> Title 31 U.S.C. 3729-33 Lincoln's Law violations.
> Title 18 U.S.C. 1345 (2002) Injunctive Relief.[7]

In the section of the amended complaint seeking a short and plain statement of the claim, plaintiff alleges,

> On or about August 8th 2003, Defendant(s) issued a HUD-1, and Mortgage to Plaintiff, by making use of a credit report dated May 22nd 2003, with full knowledge that on June 10th 2003, a public record of a tax lien rendered Plaintiff not credit worthy for a mortgage. Defendant(s) violated FIRREA and committed mail fraud and made false statements to the government.[8]

---

[4] *Washington*, 2014 WL 4059788, at *3.

[5] *Yarbury v. Martin, Pringle, Oliver, Wallace, & Bauer LLP*, No. 15-1171-MLB, 2015 WL 5032510, at *2 (D. Kan. Aug. 11, 2015) (quoting *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011)) (internal quotations omitted).

[6] *Id.* (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] Am. Compl. at 5, ECF No. 6.

[8] *Id.* at 6.

The court construes plaintiff's amended complaint as attempting to assert claims under the federal statutes cited. However, the statutes cited either fail to create a private right of action, fail to create a private right of action that a *pro se* litigant is entitled to bring, or plaintiff fails to plead sufficient facts to state a claim for relief. The court addresses each of plaintiff's claims below.

### A.  12 U.S.C. § 1833a(c)(1) and (2) and 18 U.S.C. § 1345

"[P]rivate rights of action to enforce federal law must be created by Congress."[9] "Absent Congressional intent to create both a right and a remedy in favor of plaintiff, a cause of action does not exist."[10] Plaintiff cites the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA) as giving rise to two of plaintiff's claims—specifically 12 U.S.C. § 1833a(c)(1) and (2). Section 1833a governs civil penalties for FIRREA violations. Subsection (c) states that § 1833a applies to a violation of or a conspiracy to violate "(1) section 215, 656, 657, 1005, 1006, 1007, 1014, or 1344 of Title 18; (2) section 287, 1001, 1032, 1341 or 1343 of Title 18 affecting a federally insured financial institution . . . " Subsection (c) itself does not create a private right of action. Moreover, subsection (e) explicitly states that any civil action to recover a civil penalty under § 1883a shall be commenced by the attorney general. The District of Connecticut also concluded that 12 U.S.C. § 1883a does not create a private right of action:

> Only two provisions of FIRREA expressly grant a private right of action. These provisions create causes of actions for the enforcement of lower-income occupancy requirements, and for claims arising from discrimination against whistleblowers, respectively. Plaintiff appears to argue that 12 U.S.C. §§ 1833a and 4201 provide him a private right of action for fraud. He is mistaken. Section 1833a does create civil liability for fraud, but the statute's plain text clarifies that "[a] civil action to recover a civil

---

[9] *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

[10] *Cuba Soil and Water Conservation Dist. v. Lewis*, 527 F.3d 1061, 1064 (10th Cir. 2008).

3

penalty under this section *shall be commenced by the Attorney General.*[11]

Plaintiff also cites 18 U.S.C. § 1345 as another basis for federal-question jurisdiction, but this statute also does not create a private right of action. The statute governs injunctions against fraud against the United States. It makes clear that "the Attorney General may commence a civil action in any Federal court to enjoin such violation."[12] Because plaintiff has pled alleged FIRREA violations that do not give rise to a private right of action and a statute governing injunctions against fraud that does not give rise to a private right of action, these claims are subject to dismissal.

### B. 31 U.S.C. § 3729-33

Plaintiff also cites "Title 31 U.S.C. 3729-33 Lincoln's Law violations" as a basis for federal-question jurisdiction. The False Claims Act (FCA) provides for civil actions by the federal government to recover damages for false claims for payment. The *qui tam* provisions of the FCA authorize a private person, known as a relator, to initiate FCA actions for the benefit of the federal government and to share in any recoveries.[13] Plaintiff has failed to plead facts supporting an FCA claim. Namely, plaintiff's complaint lacks any factual allegations that any of the defendants have improperly received or avoided payments from the federal government, a key component of an FCA claim.[14] In fact, plaintiff has sued a federal government entity—the Department of Justice.

---

[11] *Lundstedt v. Deutsche Bank Natn'l Trust Co.*, No. 13-1423-JAM, 2016 WL 310199, at *5 (D. Conn. June 2, 2016) (internal citations omitted).

[12] 18 U.S.C. § 1345(a)(1).

[13] *See* 31 U.S.C. 3730(b).

[14] *See* 31 U.S.C. § 3729 (setting for the acts for which a party may be liable under the FCA).

Courts that have examined the issue have also concluded that a plaintiff proceeding *pro se* may not act as a relator.[15] They have reasoned that Congress did not authorize or intend to authorize a layperson to bring suit on behalf of the United States, and they have expressed concerns that the United States could become bound by res judicata or collateral estoppel as a result of the actions of a *pro se* litigant.[16] Because the FCA does not authorize a *pro se* litigant to act as a relator in a *qui tam* action and because plaintiff has failed to plead facts that would support an FCA claim, this claim is subject to dismissal.

### C. Conclusion

Because plaintiff has failed to state a claim upon which relief may be granted, the magistrate judge recommends the district judge dismiss this action without prejudice. Pursuant to 28 U.S.C.§ 636(b)(1) and Fed. R. Civ. P. 72, plaintiff shall have fourteen (14) days after service of a copy of this Report and Recommendation to file any written objections. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

**IT IS SO ORDERED.**

Dated June 30, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[15] *See, e.g., United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93-94 (2d Cir. 2008); *Timson v. Sampson*, 518 F.3d 870, 873–74 (11th Cir. 2008) (per curiam); *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126–28 (9th Cir. 2007); *United States ex rel. Lu v. O*u, 368 F.3d 773, 775–76 (7th Cir.2004); *United States v. Onan*, 190 F.2d 1, 6–7 (8th Cir.1951).

[16] *See supra* Note 15.