# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SAM FIELDS,

       Plaintiff,

v.

RONNIE D.M. FAIRCLOTH, et al.,

       Defendants.

Case No. 17-4037-DDC-KGS

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's Motions for Preliminary Injunction (Doc. 17) and for an Emergency Temporary Restraining Order (Doc. 22). With these motions, plaintiff asks the court to enjoin a pending foreclosure action in the District Court of Douglas County, Kansas. *See* Doc. 17; Doc. 22.

To secure a preliminary injunction or temporary restraining order, the plaintiff must show that (1) he is substantially likely to succeed on the merits; (2) he will suffer irreparable injury if the injunction or temporary restraining order is denied; (3) the threatened injury to him outweighs the injury the opposing party will suffer under the injunction or temporary restraining order; and (4) the injunction or temporary restraining order is not adverse to the public interest. *Schwab v. Kansas*, 691 F. App'x 511, 514 (10th Cir. 2017). Here, plaintiff is not substantially likely to succeed on the merits because the court must abstain from deciding his claims under *Younger v. Harris*, 401 U.S. 37 (1971) ("*Younger* abstention").[1]

---

[1] The court may raise the *Younger* abstention issue sua sponte. *Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir. 1996).

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Id.* (citation omitted). Thus,

> [a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state . . . civil . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Id.*

Here, all three conditions are met. Plaintiff seeks to suspend an ongoing foreclosure action in state court where trial will begin on November 6, 2017. As a court of general jurisdiction, the state court provides an adequate forum to hear the issues raised by plaintiff in these motions. Lastly, foreclosure proceedings are traditionally resolved under state law. Absent extraordinary circumstances, the court must abstain.

The court may decline to apply *Younger* abstention in extraordinary cases such as when "harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction" or "where irreparable injury can be shown." *Perez v. Ledesma,* 401 U.S. 82, 85 (1971). Plaintiff never comes close to making the requisite showing. He never even alleges that state officials are harassing him or acting in bad faith. And, he has not demonstrated an irreparable injury.

The court must abstain from interfering with plaintiff's state court proceedings. The court thus denies plaintiff's Motions for Preliminary Injunction and for Emergency Temporary Restraining Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Preliminary Injunction (Doc. 17) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Emergency Temporary Restraining Order (Doc. 22) is denied.

**IT IS SO ORDERED.**

**Dated this 3rd day of November, 2017, at Topeka, Kansas**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**