IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAM FIELDS,

        Plaintiff,

v.

RONNIE D.M. FAIRCLOTH, et al.,

        Defendants.

Case No. 17-4037-DDC-KGS

# MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's Objection to Magistrate Judge K. Gary Sebelius's Report and Recommendation (Doc. 10, objecting to Doc. 7) and plaintiff's motion for leave to file a second amended complaint (Doc. 11).[1] While these were pending, plaintiff filed a Motion for Preliminary Injunction (Doc. 17) and a Motion for an Emergency Temporary Restraining Order (Doc. 22). On November 3, 2017, the court denied the Motion for Preliminary Injunction and the Motion for an Emergency Temporary Restraining Order. Doc. 23. And, approximately a month later, plaintiff filed another Motion for Preliminary Injunction (Doc. 24). For reasons explained below, the court overrules plaintiff's Objection, denies his motion for leave to amend, and dismisses this lawsuit because the Complaint fails to state a claim. This renders plaintiff's Motion for Preliminary Injunction (Doc. 24) moot, and the court denies it for that reason.

---

[1] Plaintiff's Objection to Judge Sebelius's Report and Recommendation doubles as a motion to amend his First Amended Complaint. So, the Clerk has docketed a copy of his Objection as a motion to amend (Doc. 11), and also as an Objection (Doc. 10).

**I.      Objection to Judge Sebelius's Report and Recommendation**

On June 30, 2017, Judge Sebelius issued a Report and Recommendation (Doc. 7). Judge Sebelius concluded that the plaintiff's First Amended Complaint (Doc. 6) fails to state a claim upon which relief may be granted. For this reason, he recommended dismissal of this action without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

As Judge Sebelius explained in his Report and Recommendation, plaintiff had the right to file objections to the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72 within 14 days after service. Doc. 7 at 5. He also advised plaintiff that failing to make a timely objection to the Report and Recommendation would waive any right to appellate review of his proposed findings of fact, conclusions of law, and recommended disposition. *Id.* On June 30, 2017, the Clerk sent a copy of the Report and Recommendation to plaintiff both by regular and certified mail (Docket Entry for Doc. 7), thus completing service of the Report and Recommendation. *See* Fed. R. Civ. P. 5(b)(2)(C) (providing that the court may accomplish service by mailing the Report and Recommendation "to [plaintiff's] last known address—in which event service [was] complete upon mailing"); *accord ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014).

If an aggrieved party objects to the magistrate judge's report and recommendation, the district judge assigned to the case "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). For the Report and Recommendation to be "properly objected to," a party's objection must "be both timely and specific." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.

1996). An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *Id.* If the aggrieved party fails to make such a proper objection, then he fails to preserve the objection for appellate review. *Id.*

Here, plaintiff timely filed his Objection to Judge Sebelius's Report and Recommendation on July 13, 2017. Doc. 10. But, plaintiff's Objection does not actually object to any portion of Judge Sebelius's Report and Recommendation. Instead, it asks the court to grant plaintiff leave to file an amended complaint and informs the court that plaintiff intends to file a motion to appoint counsel. *Id.* Plaintiff's Objection thus is not sufficiently specific to require de novo review. Because the gist of plaintiff's filing asks to amend his First Amended Complaint, the court also considers plaintiff's Objection as a motion to amend under Rule 15.

Because plaintiff has not objected to Judge Sebelius's Report and Recommendation properly, the court has considerable discretion to review the recommendation under any standard it finds appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). After reviewing the First Amended Complaint and Judge Sebelius's Report and Recommendation, the court agrees with Judge Sebelius's recommendation in its entirety. Plaintiff's First Amended Complaint asserts claims under federal statutes that either create no private causes of action or do not authorize plaintiff, a pro se litigant, to bring an action. And, plaintiff's First Amended Complaint fails to allege facts sufficient to support a claim under the False Claims Act, 31 U.S.C. § 3729 *et seq.* The court thus accepts, affirms, and adopts Judge Sebelius's Report and Recommendation in its entirety.

## II. Motion for Leave to File a Second Amended Complaint

In the portion of plaintiff's filing asking to amend his existing Complaint, plaintiff seeks leave to file a proposed Second Amended Complaint. He attaches this proposed amendment to

the motion, Docs. 11, 11-1, 11-2, as our D. Kan Rule 15.1 requires. Rule 15(a)(2) provides that courts should "freely give leave when justice so requires." The decision whether to grant leave to amend is committed to the court's discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citations omitted).

After reviewing plaintiff's proposed Second Amended Complaint, the court concludes that it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). So, giving plaintiff leave to amend is a futile act. When plaintiff is proceeding *in forma pauperis*, § 1915(e)(2)(B)(ii) authorizes the court to consider, sua sponte, whether the complaint fails to state a claim on which relief may be granted. *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). The court granted plaintiff *in forma pauperis* status on May 22, 2017, and now elects to exercise its authority under § 1915(e)(2)(B)(ii) to consider whether plaintiff's proposed Second Amended Complaint fails to state a claim on which relief may be granted.

### A. Legal Standard

"In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss." *Washington v. Washington*, No. 14-1215-EFM-KGG, 2014 WL 4059788, at *3 (D. Kan. Aug. 15, 2014) (citing *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007)).

For a Rule 12(b)(6) Motion to Dismiss, the court looks to the pleading standard provided in Rule 8(a)(2). This rule provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

On a motion to dismiss, the court assumes that a complaint's factual allegations are true, but need not accept mere legal conclusions as true. *Id.* at 1263. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to state a claim for relief. *Iqbal*, 556 U.S. at 678. But, because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse him from

complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### B.   Analysis

Plaintiff's proposed Second Amended Complaint names three defendants—Ronnie D.M. Faircloth, Capitol Federal Savings Bank, and the Federal Housing Finance Agency—and purports to assert claims under five federal statutes. Doc. 11-2 at 1–2. These statutes are: (1) Title 12 U.S.C. § 1723a(a); (2) Title 24 U.S.C. § 3500; (3) Title 12 U.S.C. § 2601; (4) Title 15 U.S.C. § 1601(a); and (5) Title 15 U.S.C. § 1635. One of these statutes comes from the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601–17, ("RESPA")—§ 2601—and two come from the Truth in Lending Act ("TILA")—15 U.S.C. §§ 1601(a) and § 1635. The court's analysis, which follows, organizes under these two acts.

But first, the court addresses the other two statutes invoked by the proposed Second Amended Complaint. The proposed Second Amended Complaint contains no factual allegations to support a claim under either statute. On page three of the Second Amended Complaint, plaintiff references "TITLE 24 U.S.C. 3500" as another ground under which the court has subject matter jurisdiction. Doc. 11-2 at 3. The United States Code contains no such provision, and the court cannot locate any other federal statute or regulation that plaintiff may have meant to invoke instead.

Next, the Second Amended Complaint asks to invoke 12 U.S.C. § 1723a(a). This provision confers authority on two federally established associations to sue and be sued.[2] But the proposed Second Amended Complaint does not purport to sue either association identified in the statute. Instead, it purports to assert claims against the Federal Housing Finance Agency

---

[2]   These two associations are the Government National Mortgage Association ("Ginnie Mae") and the Federal National Mortgage Association ("Fannie Mae").

6

("FHFA"). FHFA is a regulatory agency that is not part of Ginnie Mae or Fannie Mae. About FHFA, https://www.fhfa.gov/AboutUs (last visited Jan. 19, 2018). Instead, the Housing and Economic Recovery Act of 2008 established FHFA to regulate, supervise, and provide oversight of Fannie Mae and other organizations. *Id.* In sum, the federal statute that the proposed Second Amended Complaint would invoke provides no basis for plaintiff to sue FHFA.

This leaves the other three federal statutes cited in plaintiff's proposed Second Amended Complaint—12 U.S.C. § 2601, 15 U.S.C. § 1601(a), and 15 U.S.C. § 1635. Doc. 11-2 at 3. None of these statutes provides plaintiff with the right to sue defendants or otherwise creates a private cause of action.

### 1. RESPA Claims

RESPA includes three sections that create private causes of action: § 2605, § 2607, and § 2608. *See, e.g.*, 12 U.S.C. §§ 2605(f), 2607(d)(2) and (5), and 2608(b). The proposed Second Amended Complaint does not cite any of these. Instead, it cites § 2601. This provision recites Congressional findings and outlines RESPA's purpose. But, it does not authorize a private cause of action. *Meza v. Citimortgage, Inc.*, No. 1:12-CV-367 AWI DLB, 2012 WL 1455075, at *2 (E.D. Cal. Apr. 26, 2012) ("[T]o the extent that Plaintiff is attempting to assert a claim based on violations of 12 U.S.C. § 2601, § 2603, and/or § 2604, there is no private right of action created by these statutes." (citations omitted)).

Construing plaintiff's proposed Second Amended Complaint liberally, however, the court realizes that plaintiff may have intended to assert claims under RESPA generally, and not just under § 2601. The court thus analyzes plaintiff's claims under § 2605, § 2607, and § 2608— rather than § 2601—because those are the sections of RESPA that create private causes of action.

Even giving it the benefit of this generous interpretation, the proposed Second Amended Complaint fails to state any RESPA claim.

### a. § 2605

The proposed Second Amended Complaint alleges that plaintiff "made a Qualified Written Request to Defendant Capitol Federal Savings Bank requesting . . . a copy of the . . . credit report which was used to issue" his loan. Doc. 11-1 at 2. Perhaps plaintiff meant for this allegation to invoke RESPA § 2605(e).

Section 2605(e) provides that the loan servicer of "a federally related mortgage loan" must issue a "written response acknowledging receipt" of "a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan . . . within 5 days . . . unless the action requested is taken within such period." 12 U.S.C. § 2605(e). "[T]o survive a Rule 12(b)(6) motion to dismiss a claim under § 2605(e) of RESPA, plaintiffs must plead actual damages stemming from the failure to respond to requests or a pattern or practice of misconduct." *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 523 (10th Cir. 2013) (citing *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 510–11 (8th Cir. 2012)).

Exhibit 3 to the proposed Second Amended Complaint seems to allege that plaintiff sent a letter to Capitol Federal Savings Bank on July 11, 2017. Doc. 11-3. Plaintiff filed his proposed Second Amended Complaint with the court on July 13, 2017. Docs. 11-1, 11-2. By its terms, § 2605(e) provided Capitol Federal five days from receipt of a qualified written request for information. But, just two days elapsed between plaintiff sending the letter attached as Exhibit 3 and filing his proposed Second Amended Complaint. So, assuming that plaintiff's letter to Capitol Federal constituted a qualified written request—a question the court does not address now—Capitol Federal could not have violated § 2605(e) by the time plaintiff filed his

8

proposed Second Amended Complaint. Also, plaintiff's proposed Complaint never alleges that any defendant, including Capitol Federal, failed to respond to a written request for information. The proposed Second Amended Complaint thus fails to state a claim under § 2605(e).

### b. § 2607 and § 2608

The proposed Second Amended Complaint also fails to state a claim under §§ 2607 and 2608. Section 2607 provides:

> (a) Business referrals
>
> No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.
>
> (b) Splitting charges
>
> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

§ 2607(a), (b). These subsections of RESPA "prohibit certain kickbacks, referral fees, and unearned commissions connected to charges for settlement services." *United States v. Grissom*, 814 F.2d 577, 579–80 (10th Cir. 1987) (citing § 2607(a), (b); § 2602(3)).

Specifically, the anti-kickback provision in § 2607(a) requires plaintiff to show "'1) a payment or a thing of value; 2) made pursuant to an agreement to refer settlement business; and 3) an actual referral.'" *Voorhis v. BOK Fin. Corp.*, No. 13-CV-197-CVE-TLW, 2013 WL 5937395, at *8 (N.D. Okla. Nov. 4, 2013) (quoting *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 427–28 (6th Cir. 2009)). Plaintiff's proposed Second Amended Complaint never alleges any facts that could provide a plausible basis for finding a violation of Subsection § 2607(a).

Subsection 2607(b) "'is an anti-kickback provision that unambiguously requires at least two parties to share a settlement fee in order to violate the statute.'" *Welch v. Centex Home Equity Co.*, 262 F. Supp. 2d 1263, 1269 (D. Kan. 2003) (quoting *Haug v. Bank of America, N.A.*, 317 F.3d 832, 836 (8th Cir. 2003)). The proposed Second Amended Complaint never asserts any facts that—if proven—could support a finding that two parties shared a settlement fee. Thus, it states no claim for a violation of § 2607.

The proposed Second Amended Complaint also fails to state a claim under § 2608. Section 2608 provides: "No seller of property that will be purchased with the assistance of a federally related mortgage loan shall require directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company." § 2608(a). Plaintiff's proposed second Amended Complaint never asserts any facts that, if proven true, could permit a finding that any defendant sold property or that plaintiff was required to purchase title insurance from a particular title company.

Also, and even assuming the proposed Second Amended Complaint had alleged plausible claims, "a RESPA action must be brought 'within . . . 1 year in the case of a violation of section 2607 or 2608 of [RESPA] from the date of the occurrence of the violation . . . .'" *Duke v. H & R Block Bank*, No. 10-CV-01927-REB-KLM, 2011 WL 1060656, at *4 (D. Colo. Mar. 8, 2011), *report and recommendation adopted sub nom. Duke v. H&R Block Bank*, No. 10-CV-01927-REB-KLM, 2011 WL 1044238 (D. Colo. Mar. 22, 2011) (quoting § 2614). "'Courts have predominantly found the "date of the occurrence" to refer to the date of the closing of the loan.'" *Id.* (quoting *Perkins v. Johnson*, 551 F. Supp. 2d 1246, 1252 (D. Colo. 2008). Plaintiff's proposed Second Amended Complaint appears to allege August 8, 2003 as the closing date of his alleged loan. Doc 11-2 at 3 ("On or about August 8th 2003, Defendant(s) issued a . . . Mortgage

10

to Plaintiff . . . ."). To be timely, plaintiff must have brought a RESPA claim under § 2607 and 2608 by August 8, 2004. But plaintiff did not file his Complaint in this case until May 15, 2017. Thus, even if valid, these claims would be time-barred.

None of plaintiff's putative RESPA claims could withstand a motion to dismiss. This makes an amendment a futile act. The court thus denies the proposed amendment to assert those claims.

### 2. TILA Claims

The proposed Second Amended Complaint's TILA claims are also subject to dismissal. TILA violations can be redressed by damages and rescission. *Hagan v. Credit Union of Am.*, No. 11-1131-JTM, 2012 WL 1405734, at *2 (D. Kan. Apr. 23, 2012). The proposed Second Amended Complaint cites both TILA § 1601(a) and § 1635.

While it's difficult to discern plaintiff's intention, it appears he may have intended for the proposed Second Amended Complaint to assert a claim under TILA § 1601. This provision presents Congressional findings warranting TILA's enactment. Also, it declares TILA's purposes. Its subsection (a) discusses the informed use of credit. But neither it nor the provision as a whole contains any words suggesting that Congress intended it to create a private cause of action. The court thus concludes that the proposed Second Amended Complaint fails to assert a plausible claim under § 1601.

Still, the court is determined to analyze plaintiff's proposed amendment based on a broad and liberal construction. It's possible that plaintiff intended his reference to § 1601 to be combined with § 1635 to assert a claim for damages. The court analyzes this possible claim in the next subsection of this Order.

### a.   Damages

Section 1640 creates civil liability for any creditor who fails to comply with the requirements in TILA §§ 1635; 1641(f), (g); and "Part D—Credit Billing and Part E—Consumer Leases." 15 U.S.C. § 1640(a). The court cannot determine which requirement the proposed Second Amendment Complaint means to invoke. But, such a determination is unnecessary because the claim is untimely. "Damages claims [under § 1640] are subject to a one-year statute of limitations." *Hagan*, 2012 WL 1405734, at *2 (citing 15 U.S.C. § 1640(e)). The proposed Second Amended Complaint alleges that the loan transaction occurred in 2003.[3] Generally, any alleged TILA violation would have occurred at that time. And, plaintiff would have incurred any damages at the time of violation. Lacking any allegations to the contrary, the court assumes that any TILA violations resulting in damages would have occurred at the loan transaction. More than 13 years have passed since, which long exceeds the one-year limitations period. Thus, any damage claims asserted under TILA would be time-barred.

### b.   Rescission

The proposed Second Amended Complaint also alleges that defendants, "by issuing [plaintiff a] loan," "denied [him] any rescission rights because [he] was financially ruined" and not "credit worthy." Doc. 11-2 at 4. The proposed Complaint also requests "a TITLE 15 U.S.C. 1635 loan rescission." *Id.* Taking these two things together, the court construes plaintiff's proposed Second Amended Complaint to assert a claim for rescission under TILA § 1635 and as asserting a claim that defendants violated this provision by making the loan to plaintiff.

Section 1635(a) provides some mortgage borrowers with the right "to rescind the transaction that . . . lasts for three days so long as the lender gives the borrower the disclosures

---

[3]   Plaintiff alleges only two dates in his proposed Second Amended Complaint: June 10, 2003 and August 8, 2003. For purposes of the damages period, the court applies the later of the two because it is the construction most favorable to plaintiff.

required by the TILA and a notice of the right to rescind; the right lasts up to three years if the lender fails to give the disclosures and notice." *In re Stanley*, 315 B.R. 602, 607 (D. Kan. 2004); 15 U.S.C. § 1635(a), (f). Section 1635(b) "explains the effect that rescission has on the consumer-borrower and lender." *In re Ramirez*, 329 B.R. 727, 734 (D. Kan. 2005). "In short, upon rescission, the borrower is not liable for any finance or other charge, and any security interest given by the borrower becomes void." *Id.* (citing 15 U.S.C. § 1635(b)).

Here, plaintiff's proposed Second Amended Complaint never alleges that defendants failed to provide him with notice of his rescission rights, failed to honor a timely request for rescission, or provided him an inadequate rescission disclosure. The proposed Second Amended Complaint thus fails to allege any facts capable of supporting a plausible claim under § 1635. And even if plaintiff could allege a claim for inadequate notice, his claims still would be untimely. As noted above, the proposed Second Amended Complaint alleges that plaintiff's loan transaction occurred in 2003. So, the three-year rescission period in § 1635 expired sometime in 2006.

Because the proposed Second Amended Complaint's TILA rescission claims would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii), granting plaintiff leave to amend to include those claims is futile.

## III. Motion for Preliminary Injunction

In a separate motion, plaintiff seeks a Preliminary Injunction to suspend a pending foreclosure action in Douglas County, Kansas District Court. *See* Doc. 24. This motion now is moot. This court has dismissed plaintiff's underlying case because his First Amended Complaint and proposed Second Amended Complaint fail to state a claim. Without an underlying cause of action, plaintiff's Motion for Preliminary Injunction is moot.

## IV. Conclusion

For the reasons discussed above, the court overrules plaintiff's Objection and accepts, adopts, and affirms Judge Sebelius's Report and Recommendation, recommending dismissal of this action without prejudice. The court denies plaintiff leave to amend his current Complaint. These rulings render plaintiff's Motion for Preliminary Injunction moot.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Objection (Doc. 10) is overruled and the court accepts, adopts, and affirms Judge Sebelius's Report and Recommendation (Doc. 7) in its entirety, and dismisses this action without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Amend (Doc. 11) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Preliminary Injunction (Doc. 24) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 24th day of January, 2018, at Topeka, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**